## 9535

### TURNER v. BLUE RIDGE RY. CO.

#### (90 S. E. 185.)

1. WITNESSES—REFRESHING MEMORY—MEMORANDA.—Witnesses, in an action for damages from fire, who, being familiar with plaintiff's stock, made a memorandum, soon after the fire, of the burned goods, may refresh their memory therefrom.

2. WITNESSES—CONTRADICTION—COLLATERAL MATTERS.—The main issue in an action for damages from fire being the amount of plaintiff's loss, and plaintiff, being asked questions to affect his credibility, including one whether he had told a person that he had set another fire, being collateral matter, may not be contradicted thereon.

Before MOORE, J., Anderson, December, 1915. Affirmed.

Action by G. E. Turner against the Blue Ridge Railway Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Bonham, Watkins & Allan,* for appellant.

*Messrs. Watkins & Prince,* for respondent, submit: *No fact will be considered not stated in case:* Rule 9; 58 S. C. 474; 85 S. C. 532. *Exceptions necessary:* 35 S. C. 473; 48 S. C. 355; 53 S. C. 304. *Contradicting witness as to collateral matters:* Wigmore Ev., sec. 42; 52 S. C. 536; 1 Hill 250; 22 Tex. App. 208; 2 S. W. 609; 65 Pa. 59; 2 Wigmore Ev. 1007, 1017, 1023, 1020, 1161; Rapalje & Lawrence Law Dic. 226; 76 S. C. 115; 55 S. C. 43; 89 S. C. 151; 49 S. C. 416; 33 S. C. 129; 34 S. C. 35; 33 S. C. 590; 74 S. C. 450; 2 Bailey 127; 43 S. C. 211; 88 S. C. 128; Jones Ev., · secs. 172 and 827; 2 Mills 118; 33 S. C. 590; 34 S. C. 35; 2 Bailey 473; 75 S. C. 264. *Use of memoranda to refresh memory:* 53 S. C. 304; 85 S. C. 532; 41 S. C. 151; 85 S. C. 532; 11 S. C. 241.

October 9, 1916.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Plaintiff sued to recover damages for the destruction of his goods by fire under circumstances making defendant liable for the loss.

Plaintiff and one of his witnesses, who was familiar with his stock, made a memorandum of the goods destroyed, a short time after the fire, which they were allowed to use, against objection, to refresh their memories in testifying as to the amount of plaintiff's loss. At the hearing in this Court, defendant's attorneys practically abandoned their exceptions to this ruling, and properly so, as it was clearly right.

The only point argued was that the Court erred in refusing to allow defendant to contradict plaintiff as to a collat-

eral matter. On cross-examination defendant asked plaintiff if he had not had other fires. He admitted that he had had several—one, while in the mercantile business; and another, while in the laundry business. He was then asked if he had not had another, and replied, "Yes; I burned my own house." The next day he was recalled, and asked to explain the statement that he had burned his own house. He said that it was burned by the explosion of a lamp, and that he intended to explain it the day before, but was interrupted and was not given time to do so. Defendant's attorneys then asked him if he had ever told any one that he had set fire to his laundry to get the insurance, or that he had paid a negro to burn it, or that he had set fire to his own store. He denied having made either statement. Defendant offered a witness to contradict him, and argued that it was relevant, because it would tend to discredit his testimony as to the amount of his loss; the inference sought to be deduced being that one who would burn his own property to get the insurance would not be above falsifying the amount of his loss. The contradiction was excluded under the rule that the answer of a witness as to a collateral or immaterial matter cannot be contradicted.

Appellant's attorneys do not question the rule or its wisdom; but they contend that, under the circumstances of this case, particularly the fact that plaintiff volunteered the statement that he burned his own house, and did not attempt to explain it, until the next day, was sufficient to make it a material matter in this case, and an exception to the rule as to this witness. We do not think so. The matter of plaintiff's previous losses by fire was brought out by defendant on cross-examination. While this was permissible, on cross-examination, for the purpose for which it was intended, to attempt to prove by plaintiff himself facts and circumstances which would tend to discredit his testimony, nevertheless the questions asked related to matters not relevant to the issue being tried. That does not mean that the credibility of

plaintiff as a witness was not a material matter. But that was not the main issue, which was the amount of his loss. His credibility was a secondary issue only by reason of the fact that he testified to the amount of his loss, which he might have proved by other witnesses. The law recognizes the importance of the credibility of every witness, and prescribes the modes in which it may be impeached, which is most commonly done by proving the relevant facts to be otherwise than as testified to by him, or by contradicting him as to previous statements made with respect to relevant facts, or by proof that his general character or reputation for veracity is such that his testimony is unworthy of belief. He may be expected to be prepared at all times to defend his general character, or his general reputation for veracity, and the consistency of his testimony as to the matters in issue with itself and with his previous declarations with respect to the same matters. But it would be unreasonable to expect every witness to be prepared at all times to defend or explain every alleged act or utterance of his past life, which he might readily and easily do after notice and opportunity for preparation. Another cogent reason for the rule is that the trial of causes would be unnecessarily delayed and prolonged by the injection of irrelevant issues, and the attention of the triers of facts would be so distracted from the real issues that these might be obscured or entirely overlooked. We see nothing in the circumstances of this case which calls for a departure from the rule, the wisdom of which has been verified by experience and attested by the sages of the law. The authorities cited in the brief of respondent's attorneys fully sustain this conclusion.

Judgment affirmed.